STATE OF NORTH DAKOTA IN BEHALF AND FOR THE BENEFIT OF THOS. E. REILLY, Appellant, v. FARMERS CO-OPERATIVE ELEVATOR COMPANY OF LANSFORD, NORTH DAKOTA, and the Northern Trust Company, a Corporation, Respondents.

(L.R.A.1918E, 233, 167 N. W. 223.)

**Public warehouseman — bond of — surety on — default in — occurring more than three years after bond expired — surety not liable.**

1. The surety on a public warehouseman's bond given pursuant to § 2247,

NOTE.—On the question of warehouseman's bonds generally, see note in L.R.A. 1918E, 235, where it is held that where a public warehouseman's bond is for a definite

Rev. Codes 1905 (§ 3111, Comp. Laws 1913), is not liable for a default of the principal occurring more than three years after the bond, by its terms, had expired, and after two successive renewal bonds had been given by the same principal, even though the default was in connection with grain stored while the surety's bond was in force.

**Storage of grain — in public warehouse — storage ticket issued — to owner of grain — ticket presented — demand made for grain — refused to deliver — no default until after.**

2. Where grain is stored in a public warehouse and a storage ticket issued therefor to the owner, no default sufficient to hold the surety on the warehouseman's bond occurs until the ticket is presented and demand made for the grain or its equivalent and the same is refused.

Opinion filed March 9, 1918.

Action in conversion against a public warehouseman upon storage of grain, and also against the surety upon the warehouseman's bond.

Appeal from a judgment of dismissal as to the surety by the County Court of Renville County, Honorable *Percy S. Crews,* Judge.

Affirmed.

*J. E. Bryans,* for appellant.

The bond of the elevator company which took the appellant's grain for storage provides that said company will, on demand, deliver to the ticket holder the grain, or a like quantity and kind of grain, or pay for same. The surety agrees that if the elevator company fails to do so, it will pay the value of the grain. Where judgment for the value of the grain is obtained against the elevator company, and not paid, the surety is liable. Comp. Laws 1913, §§ 3111, 3139, 6677; 32 Cyc. 32; Roberts v. Hawkins, 38 N. W. 575; 5 Cyc. 751.

The liability of the surety company is for tickets issued or grain stored in the elevator between the dates mentioned in the bond. It is for grain stored between those dates that liability is here claimed. 32 Cyc. 74; 10 Am. St. Rep. 843, note; Comp. Laws 1913, § 3114; State v. Hob Lawrence Co. 17 N. D. 257, 115 N. W. 846.

The default here occurred while the trust company was surety for

period, a surety thereon is not liable for a default of the principal occurring several years after the bond by its terms had expired, and after other successive renewal bonds had been given, even though the default was in connection with property stored while such surety bond was in force.

the elevator company, and the elevator company not having relieved itself from such default, the surety company is liable.  40 Cyc. 407; Lane v. Kazey, 1 Met. (Ky.) 410; State ex rel. Ertelt v. Daniels, 35 N. D. 5, 159 N. W. 17.

Appellant was under no obligation to give to the surety company any notice of the condition of the elevator company.  32 Cyc. 81, 91, § D; Manchester Fassur Co. v. Redfield, 71 N. W. 709.

*Pierce, Tenneson, & Coupler,* for respondents.

The findings of the trial court upon disputed questions of fact are entitled to the same weight and are as conclusive as a verdict of a jury would have been had the cause been tried to and decided by a jury. Ruetell v. Greenwich Ins. Co. 16 N. D. 546, 113 N. W. 1029; Bank v. Weber, 19 N. D. 702; Griffith v. Fox, 32 N. D. 650; Northern Trdg. Co. v. Drexel State Bank (N. D.) 164 N. W. 153.

The rule that bonds executed by compensated sureties will be construed the same as insurance policies has no application where the language of the bond is unambiguous or where the conditions are prescribed by statute.  Guarantee Co. v. Mechanics Bank, 183 U. S. 402, 46 L. ed. 253; Long v. Am. Surety Co. 23 N. D. 492, 137 N. W. 41; Knight v. Castle (Ind.) 27 L.R.A.(N.S.) 573, 87 N. E. 976; Granite Bldg. Co. v. Saville, 101 Va. 217, 43 S. E. 351; U. S. F. & G. Co. v. Overstreet, 27 Ky. L. Rep. 248, 84 S. W. 764; Union Cent. L. Ins. Co. v. United States F. & G. Co. 99 Md. 423, 105 Am. St. Rep. 313, 58 Atl. 437; American Bonding Co. v. Pueblo Invest. Co. 9 L.R.A.(N.S.) 557, 150 Fed. 17, 10 Ann. Cas. 357; Lonergan v. San Antonio L. & T. Co. 101 Tex. 63, 22 L.R.A.(N.S.).364, 130 Am. St. Rep. 803, 104 S. W. 1061; Hormel & Co. v. Am. Bonding Co. (Minn.) 33 L.R.A. (N.S.) 513, 520, 128 N. W. 12.

The fact that a surety on a bond is compensated is immaterial and has no bearing upon the rights and remedies of parties.  Natl. Surety Co. v. Berggren (Minn.) 148 N. W. 55; Columbia Bank v. United States F. & G. Co. 126 Pac. 566; Northern Trust Co. v. First Nat. Bank, 33 N. D. 1; Lewis v. United States F. & G. Co. 144 Ky. 425, 138 S. W. 305, Ann. Cas. 1913A, 564.

There is no competent evidence of the approval of the bond.  Such a bond takes effect only from date of approval, and a surety certainly has the right to know and to be informed as to the date when his obli-

gation begins, so that he may know when it shall end, where it is to exist and to run between certain stated dates.

The secretary of the Railroad Commission may not certify as to when the bond was approved. Such certificate is not competent evidence of the fact. Rev. Codes 1899, § 5700; Sykes v. Beck, 12 N. D. 243; Comp. Laws 1913, § 7919, subd. 6, § 7920; Billingsley v. Hiles (S. D.) 61 N. W. 687; 5 Chamberlayne, Ev. § 3432; Marlow v. School Dist. (Okla.) 116 Pac. 797 and cases cited.

The terms of the undertaking limit the liability of the surety. 5 Cyc. 764, 765, 773–775; New York City Bank v. Travelers Ins. Co. 38 App. Div. 518, 56 N. Y. Supp. 668; Davis v. Copeland, 67 N. Y. 127; Scott v. Tyler, 14 Barb. 202; Ward v. Stahl, 81 N. Y. 406; Witte v. Wolfe, 16 S. C. 256; U. S. F. & G. Co. v. Amer. Bond Co. (Okla.) 122 Pac. 142; Pac. County v. Illinois Surety Co. 234 Fed. 97; U. S. of Amer. v. Bayly (D. C.) 41 L.R.A.(N.S.) 422, 426; Natl. Bk. of Humboldt v. Samuelson (Neb.) 118 N. W. 81; Ida County Sav. Bank v. Seidensticker (Iowa) 102 N. W. 821.

"It is the date of the conversion that determines the liability of sureties for successive terms." Ingram v. McCombs, 17 Mo. 558; State v. McCormack, 50 Mo. 568, 13 Mo. 7; Governor v. Robbins, 7 Ala. 484; Dumas v. Patterson, 9 Ala. 484.

No cause of action could here exist until a demand for the grain and a refusal to deliver. This did not occur until at a time long after the expiration of the time limit of liability of the surety as expressed in the bond. 5 Cyc. 212; 40 Cyc. 440–1; Comp. Laws 1913, § 6677; Northern Light v. Kennedy, 7 N. D. 146, 73 N. W. 524.

The defense of negligence in asserting a right or laches has no relation to the Statute of Limitations. Such defense may be interposed although the claim asserted by plaintiff is not barred by the Statute of Limitations. Hagerman v. Bates (Colo.) 38 Pac. 1100; Abraham v. Ordway, 158 U. S. 416, 39 L. ed. 1036; Hawley v. Von Lauken (Neb.) 106 N. W. 456; Kleinclaus v. Dutard, 147 Cal. 245, 81 Pac. 516.

The surety here is released and exonerated by the laches and delay of plaintiff in not timely making his demand and asserting his claim, failing to make it at a time when no person would be the loser. Comp.

Laws 1913, §§ 6681, 6683; 32 Cyc. 81, 91; Gillespie v. Darwin, 6 Heisk. 21; 32 Cyc. 91.

It is the duty of the creditor or obligee to notify the surety of dishonesty of the principal.   32 Cyc. 78.

There is no allegation in the complaint that the ticket in question is the only claim outstanding; in other words, that appellant is the only claimant.   The complaint therefore does not contain a statement of facts sufficient to constitute a cause of action.   Philips v. Semingson, 25 N. D. 460, 142 N. W. 47.

FISK, District Judge.   The facts in this case are not seriously in dispute, but the parties do not agree as to the law.   On August 5, 1909, the defendant Farmers Co-operative Elevator Company was engaged in the business of conducting a public elevator and warehouse at Lansford in this state.   On that date said defendant as principal and the defendant the Northern Trust Company as surety executed and delivered to the state of North Dakota the public warehouseman's bond of the defendant Elevator Company in the sum of $5,000 as provided by § 2247, Rev. Codes 1905 (§ 3111, Comp. Laws 1913).   On September 2, 1909, the plaintiff, Thomas E. Reilly, left with said Elevator Company for storage 635 bushels and 20 pounds of No. 1 hard wheat and said Elevator Company issued to said Reilly storage ticket No. 8 for said grain, which ticket contained the usual agreements and conditions provided by the statutes of this state, said company agreeing to store said grain in consideration of the payment of storage charges, insurance, and handling; and to return the said grain, or a like quantity of the same quality, kind, and grade, to plaintiff upon demand and surrender of said storage ticket and payment of said charges.   Plaintiff made no demand for the grain in question, nor did he attempt to sell the same until in December, 1914, and on January 4, 1915, he made his first written demand for the grain or the value thereof, which was refused both by the Elevator Company and the Northern Trust Company.

In 1914, and prior to any demand being so made by plaintiff, the Elevator Company had become financially involved and insolvent, and all of its property and assets had been lost under foreclosure proceedings.   During all of the time from 1909 to 1915 plaintiff was a stock-

holder in said Elevator Company and attended meetings of stockholders at which the financial condition of the company was discussed. Shortly after August 1, 1911 (the date the bond of the Northern Trust Company, by its terms expired), an agent of the Elevator Company weighed the grain then in the elevator, and the grain called for by plaintiff's storage ticket was actually on hand and remained there for some time afterwards. Reilly knew the grain was there, and was requested on several occasions by the officers of the company to present his ticket and take the grain, or its value. Shortly after the refusal of the demand made in January, 1915, this suit was instituted in the county court of Renville county for a conversion of the said grain, which resulted in a judgment in favor of plaintiff as against the Elevator Company, but in favor of the defendant the Northern Trust Company for a dismissal as to it. This appeal is by the plaintiff from the judgment of dismissal.

The bond of the Northern Trust Company was conditioned as provided by the laws of this state and in part was as follows:

"Now, therefore, if the said Farmers Co-operative Elevator Company shall faithfully perform its duty as public warehousemen, and comply with all of the laws of the state of North Dakota in relation thereto, then this obligation shall be null and void, but otherwise to be and remain in full force and effect, subject, however, to the following conditions:

First. The liability upon this bond shall commence on the date of the approval of the same by the proper officers, as provided by law, and shall end on the 1st day of August, 1911, A. D.

Appellant contends that the bond in question was intended to and did in law become liable for all storage tickets issued by the elevator company while said bond was by its terms in force. In other words, he contends that inasmuch as the plaintiff's grain was stored in September, 1909, while the bond was in force, that the bond continued good for said grain so long as the grain remained stored in the elevator, regardless of how long that was after the bond, by its terms, expired.

We cannot agree with appellant in his contention. Under the laws of this state (§§ 3107 et seq.) every elevator must secure a license biennially as a condition precedent to doing business, and must also file a bond in such sum as the Commissioners of Railroads shall fix, of not

less than $5,000 nor more than $75,000, conditioned exactly as the bond in question was conditioned. These licenses and bonds expire on August 1st every second year. The condition of the bond is for the "faithful performance" of duties, and compliance with the law during the two years the same is in force. It was intended to cover any wrongful or unlawful acts during that term. There is no claim that the Elevator Company in any manner breached the bond or did any act prohibited by statute or otherwise during that two-year period, but on the contrary it is clearly shown that the company was in a position to deliver the grain or pay for the same during all of said time. It is therefore clear to us that the wrongful acts of the Elevator Company did not occur until in January, 1915, when formal demand was made for the grain. From August, 1911, the date of the expiration of the bond in question, up to the time of the company's default, in 1914, it had two other bonds for the protection of its patrons. Surely when the renewal bond was written to become effective August 1, 1911, the amount of storage tickets outstanding would, or at least should, have been considered as obligations of the Elevator Company which the renewal bond would be liable for in case of a breach of duty by the company during that two-year period. In fact the statute specifically provides that each bond shall be sufficient in amount to protect the holders of outstanding tickets. Comp. Stat. 1913, § 3111. And the same would apply to the second renewal bond running from August, 1913, to August, 1915. And it would appear as though one of the reasons why the Commissioners of Railroads were clothed with the wide discretion in the matter of fixing the amount of these bonds was for the purpose of taking into consideration not only the probable amount of business the particular elevator would do, but also the amount of tickets outstanding at the time each new bond was given and went into effect.

Appellant says that, according to the conditions of the bond, the surety company agrees to pay for all grain stored in the defendant's elevator from the 5th day of August, 1909, to the 5th day of August, 1911, providing such grain was not paid for by the principal, the Elevator Company; and he cites Comp. Laws 1913, § 3139, in support thereof.

In the first place § 3139 does not exact such a condition. It simply says that the bond shall be good "for the faithful discharge of the duties of a public warehouseman."

39 N. D.—16.

In the second place § 3139 is not applicable in this case, as said section provides for a bond for public warehousemen engaged in the storage of goods, wares, and merchandise, excepting *grain in bulk*. See §§ 3138, 3139. The law applicable in this case as to the bond to be given is found in § 3111. We are of the opinion that so long as the Elevator Company complied with the law during the period the Northern Trust Company was surety for it, and paid all storage tickets presented during that time, that the responsibility of said surety then ceased. And we do not believe such surety liable simply because a storage ticket issued in 1909 while said company was surety was not redeemed by the elevator company some three years after the bond of the Northern Trust Company had, by its terms, become inoperative. The elevator company had in the meantime procured two new bonds, one running from August, 1911, to August, 1913, and the other from August, 1913, to August, 1915, both guaranteeing that the Elevator Company would, during their respective periods, comply with the law. Nor do we believe it necessary to cite any long list of authorities to sustain this position. However, as bearing upon the law relative to the propositions involved, see the following: 5 Cyc. 212, 773–775; 29 Cyc. 1458, 1459; 40 Cyc. 440, 441; Comp. Laws 1913, § 6677; Northern Light Lodge v. Kennedy, 7 N. D. 146, 73 N. W. 524.

The trial court also found that the plaintiff, with the knowledge he possessed of the conditions of the Elevator Company, was guilty of such laches in not sooner presenting his storage ticket as would bar a recovery by him as against the Northern Trust Company. While we do not expressly so hold, as it is unnecessary in view of our holding upon the first proposition, we are of the opinion that there is considerable merit in the conclusion as reached by the trial court. It is also unnecessary for us to pass upon the question raised by respondent Trust Company as to whether or not the complaint stated a cause of action by reason of there being no allegation as to whether this plaintiff held the only outstanding storage ticket which might be a claim upon the bond. Upon this point, see Phillips v. Semingson, 25 N. D. 460, 142 N. W. 47.

The judgment of the County Court is right and the same is therefore affirmed, with costs.

Fisk, District Judge, sitting in place of Grace, J., disqualified.